Good morning, Your Honor. I am Land Weyland, and I represent Xi Ming He. How is that pronounced? He. He. Okay. It's my wife's last name also. Okay. She makes sure I pronounce it correctly. The key issue before this Court right now is whether or not the Board of Immigration Appeals have used its discretion by refusing to reopen the petitioner's case in 2003. This motion had been timely filed under the BIA's decision in the matter of XGW, which allowed individuals who had had previous hearings in which asylum had been claimed from China based on violation of birth control policies to refile or reopen cases even though they were either time or number barred. Yeah, but XGW was pretty specific, wasn't it, that it had to be qualifying and that you had to, that the BIA's prior decision had to have been based on in matter of Chang. And in Mr. He's case, as I understand it, the decision was not based on in matter of Chang. Well, the immigration judge's decision was based in part on the matter of Chang. When the matter went to the BIA, they made a decision determination that he had not been found credible. But the only credibility findings the judge made was that he was not being persecuted or subject to persecution because of his fear of sterilization. The judge made absolutely no finding whatsoever about his credibility regarding the wife's abortion. The judge seemed to assume that the wife had had an abortion, and the board seemed to assume that she had had an abortion. The board improperly transferred that credibility finding regarding sterilization over to the abortion. There were maybe three or four questions asked about the abortion. The abortion was never testified to. It was not because of the matter of Chang at the time the judge decided the case, abortion could not be a grounds for filing for asylum. So it wasn't discussed. The attorney who represented the case asked one question regarding abortion. He asked no questions regarding sterilization, but he asked one question regarding abortion. There may be three or four other questions asked. So the issue about the wife's abortion never came up in the underlying hearing. And so the judge, when the motion to reopen was filed, the board was asked to reopen it so that that abortion issue could be decided. And the board said, no, we've already decided this matter based on credibility. But the credibility decision they'd made was about a completely different issue. So they simply never got to the issue of whether or not she might have had an abortion. They had no idea. Why didn't you take all of this up on direct appeal? Well, I was not the attorney who handled this at the time. I understand. I'm not asking a question directed to you personally. But your client did not pursue his remedies at that point. No appeal was taken to this court from the BIA's decision. That's correct. And so at that point, that decision has now become final. He sat on his rights for many, many, many years. And now he's asked the board to reopen. And the standard for that is whether the board has abused its discretion in refusing to reopen. Well, the board abused its discretion by taking a credibility finding that it and the judge had made. Well, that's an argument about its earlier decision. The decision today on abuse of discretion is whether the board abused its discretion in refusing to reopen the case. And that seems like that's a fairly high standard. I understand you're trying to argue the merits. But Mr. Hu had his opportunity to present the merits to this court, and he refused to do that. But at the time he had that opportunity, he was represented by an attorney who was subsequently disbarred from the State of California. He was incompetent. If you're arguing ineffective assistance of counsel, that's a different argument under in matter of Lozada and ought to be pursued in a different way. Well, it may be moot if he's already been disbarred. He's already been disbarred. In fact, there's a decision from this court that said that the matter of Lozada was not required from Mr. Portnoy. It had already been decided. And I cited that, and I gave you a copy of that case in my papers. There was no Lozada requirement. And so you ask me why he didn't pursue it, and I don't know why he didn't pursue it. If I had been his attorney at that time, I would have pursued it. So when he came to me, I said, well, it looks to me as if under the matter of XCGW, you do have an abortion claim to make. It was never presented. It was never decided. It was never discussed. It was simply never an issue before either the judge or the BIA. So I made a presentation, and the BIA said, we're not going to consider that because we've made a credibility finding about a different issue. And that was improper. They should have said, okay, the abortion issue was raised. The judge cited matter of Chang for saying he couldn't make a decision regarding the abortion issue. And the board should have reopened the case at that point. They didn't do that. The second thing that they did that I think was a mistake, in his motion to reopen, he said, okay, under XCGW, you also asked me about my claim of sterilization. And the board again simply said, well, we've already decided a credibility issue. But there's two different issues here. One, credibility, was he credible when he said he had three children? Or was he credible when he said he was being persecuted? The board said that he had not been credible. I'm going to mention the judge said he had not been credible when he said he was being persecuted. But the judge throughout his entire testimony didn't believe he had three children. So when the board then said, we find you to be not credible. In effect, they were saying, we agree that you didn't present evidence that you had three children. But attached to that motion was the DNA evidence that made it clear that he does indeed have three children. So the board should have said, okay, you do have three children. But having three children raises a prima facie case for being sterilized when you go back to China. So the board, by taking the credibility finding about not being persecuted and applying that to saying he didn't have three children, the board again made an error. They should have said, okay, now that you do have strong evidence, it was not available before, that you have three children, that's a separate and independent ground for applying for asylum from China. And the third thing the board did was they simply ignored the entire issue about confidence of counsel. They said, oh, you're time and number barred. That has never been the rule regarding arguments about reopening for incompetence of counsel. That incompetence of counsel is typically brought to the board when the cases are time and number barred. And yet time and time again, they have reopened cases and said, okay, we are going to examine competence of counsel. And so for them to simply say, oh, you're too late is to simply ignore the entire history of cases where they have reopened to consider that particular issue. Counsel, if having three children is, I'm sorry, you said prima facie evidence that China will sterilize, is that what you said on return? In the country reports, every year for 20 years, there have been reports that that's what China does. It is in the official birth control policies published by the country of China. Those were translated and given to the board. And in some provinces in China, 20% of the parents have gone through sterilization. Would that fact then qualify him for any additional relief, any additional discretionary relief from the Attorney General? I don't know what additional. Well, he's pursuing asylum here, which is one avenue of relief. Are there any other discretionary avenues that the Attorney General would have to say, I can't send you back. I see that you've got three kids. Whatever is done in the asylum application is done. But with respect to this, I can give you some. Is there any other avenue that he has? Either asylum or withholding of deportation, but I don't know of anything else that is available. So if he loses here, even if he's now established as having three children and would, absent all of the alleged waivers and everything else, time and number of bars, if he were a Chinese immigrant male who clearly would face sterilization because of the three children, he would be routinely granted asylum. He can't get it because of the mishmash of the prior proceedings? I think that's basically it. In addition to the three children, his wife had an abortion, and she gave birth to a stillborn child. So his wife's been pregnant four times and has had three children. I mean, he would be a prime candidate for being sterilized. He's gone way over even the applied limit that sometimes they allow to without being sterilized, but many times they don't. Remind me, were all three born in China? Yes. What's that of twins? Is that right? No. No. Okay. The person who prepared his application lied in the application and said that he had twins. In fact, he had three children at three different dates. This was corrected whenever I took over the case. I just know the reason why Mr. Portnoy was disbarred. Okay. Thank you. Good morning again. I'm Cindy Ferrier, and I'll be representing the Attorney General in this matter. First, I want to make clear that the competence issue regarding counsel was brought up in a motion that was denied by the board on April 29, 2002. That was a separate motion that the petitioner did not seek judicial review from. So with regard to the competency of counsel, that issue was not brought properly before this court, and so it's not properly at issue at this time. With regard to the last motion that is properly before the court, the board didn't abuse its discretion when it denied that motion because, as noted, the adverse credibility determination was not. Excuse me. It was in the 2002 proceeding? Yes. Okay. Thank you. Yeah. That board decision was issued on April 29, 2002, and that was the one that they recharacterized the motion as a motion to reconsider, found it to be number barred, and to be filed untimely. And that's what he's saying, that that would have been. The argument is that that was an abuse of discretion because time and numbers shouldn't bar an IAC claim, but then the remedy would have been to appeal that one. Right. And as the board also noted in that decision, he didn't argue equitable estoppel reasons at that point. So they wouldn't have had any basis to waive the time bar. But, again, that decision isn't before the court for its review at this point. So the May 23, 2003 decision is properly before the court. And despite what opposing counsel says, the immigration judge's adverse credibility determination goes to all aspects of the petitioner's claim. The immigration judge cited a number of different aspects of the claim that he found to be implausible, vague, inconsistent reasons supporting his determination of adverse credibility. For example, he notes that there was a negative inference from the get-go by the State Department. They had submitted at that point in time, the State Department still had time to consider individual applications that were sent to them and to issue advisory opinions. And in that advisory opinion, the State Department noted that his claim appeared questionable because he didn't mention several aspects, like the IUD insertion. So the immigration judge considered the rest of the credibility factors in light of that negative inference, but still went on to consider the various aspects. He also noted that there was inconsistent testimony regarding that he was hiding, but then he was able to go ahead and get a business license. How big a deal was the fact that they didn't, the IJ said he didn't even, didn't really even believe he had three children? The immigration judge does not make much of the, I don't see any place that the immigration judge actually says, I don't believe that you have three children, but instead overall says, I don't believe your claim. So, and the question regarding three children is still somewhat confusing to me, because in his latest declaration that he submitted along with this motion, he indicates that he lied to the immigration judge when he said that he had three children. He said that one was born on one day and then he had a set of twins. Then there was a forced abortion. Then he had stillbirth. In his declaration, he says, I lied about that. In fact, I didn't have twins. Instead, he sets out different dates, and he still has three children, but it's not clear how they all fit together, because he had the one child, the first child when he said, the second child when he said, but it wasn't a set of twins. Then there was a, then he doesn't say anything about the abortion. Then he mentions this last child was born in 1990, when allegedly he supposedly, the wife had the stillbirth. So, there's still some questions, and I think when you read the board's decision that is properly before the court, they say that they don't find that he's established the prima facie eligibility for asylum and withholding, especially in light of the adverse credibility finding. So, they take that adverse credibility finding, but then they also have considered the other evidence that's been submitted. With the motion, and still found it to be lacking in credibility. If Mr. He has, were to come forward with DNA evidence establishing that he had three children, would he be eligible for any other kind of discretionary relief from the Attorney General at this point? Yeah, I don't believe so. I don't know of any other relief that is available. I believe that it's only asylum. He can certainly, you can always request, after there is an order of removal, you can always request deferred action from the Department of Homeland Security, but there's nothing, again, that's just a deferred action of removal, but there would be no relief available to him. And I would say that even if he did establish, this new evidence does establish the three children, it's still somewhat speculative that he would be subject to sterilization. There is, in the regulations that he submitted, that a wife with a childbearing age, or people with childbearing age with two children would be sterilized. His wife is now 46. It's not quite clear that she would, I believe it's 46, it's not quite clear that she would actually still be considered of childbearing age. Secondly, the country report does say that China does have an overall policy of not forcing sterilization upon people. And Petitioner, in fact, when he testified before the immigration judge, if he is to be believed for that initial testimony, said that he, in fact, at one point, he and his wife both refused sterilization. So, as I've mentioned, it's just his claim is somewhat speculative, or very speculative, and before the board has looked at this case on three, the immigration judge has looked at it once, the board has looked at it on four separate occasions, and reviewed the record at each time and came to the same conclusion. All right. Thank you. I'll give you just a few seconds for any rebuttal. Counsel says that the judge's credibility finding went to all aspects of the case. In my brief, I mentioned that there were many, many, many things that he testified true that were clearly true. He's a male. He's from China, et cetera. Yeah, we understand that. And so, at what point do you draw the line between what is credible and what is not credible? Clearly, the judge, when he talks about credibility Where did the judge say anything about doubting he was the father of three children? He did not specifically say that. Okay. All right. Fine. Thank you very much. We thank both counsel, and the case just argued is submitted. Next case on calendar is Chen versus Gonzalez.
judges: Browning, Fisher, Bybee